UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST SEHRINGER,

        Plaintiff,

v.                                                                                          Case No. 3:07-CV-354-J-25TEM

BIG LOTS, INC., etc.,

        Defendant.
_____/

## ORDER

Before the Court is the Honorable Thomas E. Morris Magistrate Judge's report and recommendation (Dkt. 25), and the record herein. Defendant has filed an objection to the report and recommendation (Dkt. 26). Upon consideration, the Court finds as follows:

**Standard**

Determining whether the Court can exercise personal jurisdiction over a nonresident defendant requires a two-part analysis. First, a Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, the Court must determine whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 256 (11th Cir. 1996)(internal citations and quotations omitted).[1] As stated in *Meier ex rel. Meier v. Sun Intern.*

---

[1] To streamline this Order, the Court will omit many internal citations and quotations.

1

*Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002):

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there. *Consolidated*, 216 F.3d at 1293. "On the other hand, if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002) (citations omitted). In order to establish jurisdiction over the [Defendants], therefore, Plaintiff must persuade the court that the Florida Subsidiaries are the entities through which the [Defendants] conduct substantial business activity in Florida. *Consolidated* at 1293-94.

**Analysis**

Defendant objects primarily to the Magistrate Judge's findings regarding the sufficiency of service of process and whether it has subjected itself to personal jurisdiction in this Court. To support its arguments, Defendant first objects to the finding that it exerts substantial operational control of Big Lots Store's Inc.'s locations and also the finding that there is a strong unity of financial interest between Big Lots, Inc. and its subsidiary retail stores.

A review of the report and recommendation demonstrates that the Magistrate Judge's

2

findings on these points did not depend on any one specific fact. Rather, the Magistrate Judge considered, *inter alia*, Big Lots, Inc. Form 10-K, Pension Plan and Big Lots, Inc.'s 1996 Performance Incentive Plan. Rather than considering the documents in isolation, the Magistrate Judge considered the "collective activities" of Defendant when determining that Big Lots Stores, Inc. is a vehicle through which Big Lots, Inc. conducts its business. This Court agrees that these activities satisfy Florida's long arm statute.

Similarly, these activities constitute sufficient minimum contacts between the Defendant and Florida so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. As noted in the Report and Recommendation, this suit arises from an alleged breach of contract regarding stock options provided by Big Lots, Inc. Defendant operates more than a hundred retail stores in Florida and markets its wares to Florida citizens. Further, the Court agrees that the burden on Defendant to defend this action here is slight and Florida has an interest in this action.

Defendant also objects to the Magistrate Judge's failure to consider its May 14, 2007 Memorandum. According to Defendant, its six page Motion to Dismiss filed in State Court did not contain a memorandum of legal authority despite the fact that it included "some citation" and an affidavit in support of the requested relief. The Court is unsure how a pleading containing legal citation could *not* be considered to include a memorandum of legal authority. Both this memorandum and Plaintiff's opposition thereto are due to be stricken.

Defendant also contends that the "Magistrate Judge allowed Plaintiff to inject a new agency theory" into the case. The proper response, of course, to an opposition that addresses matters beyond the original pleading is the filing of a motion to strike. The Court simply

3

should not be expected to entertain multiple memoranda from each side dealing with the same matter. Moreover, the Magistrate Judge's ruling did not depend on a "new theory."

Defendant also complains that service on an employee of its subsidiary's registered agent is improper. The Court agrees with the Magistrate Judge that sufficient operational control over Defendant's subsidiary existed; substitute service was permissible in this case.

Lastly, regarding Defendant's request to dismiss Count II, this Court agrees with the Magistrate Judge that the relevant remedies and claims are not inconsistent so as to warrant dismissal. The dismissal request is due to be denied. In sum, after independent review of the record and upon consideration of Judge Morris's report and recommendation, the Court adopts the report and recommendation in all respects. Accordingly, it is **ORDERED**:

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Dkt 26) is overruled; the Report and Recommendation (Dkt. 25) is adopted and incorporated by reference;

2. The Motion to Dismiss and Quash Service of Process (Dkt 3) is **DENIED**;

3. Plaintiff's Motion for an Order Directing Clerk to Issue Summons (Dkt 16) is **DENIED as moot**;

4. Plaintiff's Request for an Evidentiary Hearing (Dkt. 14) is **DENIED**; and

5. The Clerk is directed to **STRIKE** the Defendant's Memorandum in Support of Defendant's Motion to Dismiss (Dkt. 11) as well as Plaintiff's Opposition (Dkt 13) to same

from the record.

**DONE AND ORDERED** at Jacksonville, Florida, this __3__ day of __October__, 2007.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record