UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST SEHRINGER,

    Plaintiff,

v.                                    Case No. **3:07-CV-354-J-25TEM**

BIG LOTS, INC., etc.,

    Defendant.
_____/

## ORDER

This Case is before the Court on Plaintiff's Motion for Partial Summary Judgment on the issue of liability (Dkt. 20), Defendant's Motion for Summary Judgment (Dkt. 30), the parties' respective oppositions, and the record herein. Upon consideration, the Court finds as follows:

**Background**

Plaintiff Sehringer is a former district manager for Big Lots; he received incentive compensation from Big Lots in the form of non-qualified stock options under the Big Lots, Inc. 1996 Performance Incentive Plan (Plan), as amended. The Plan specifies that it is governed by Delaware law.

In September 2006, Plaintiff Sehringer retired. More than 3 months later, he requested Big Lots allow him to exercise his stock options. On March 23, 2007, Big Lots, through its general counsel, sent Plaintiff a registered letter denying his request as untimely because the Compensation Committee of the Board of Directors of Big Lots (Committee) determined the

1

following:

> (I) the terms of the... Plan and the Award Agreements are clear and unambiguous with respect to the effect of retirement of [Plaintiff Sehringer] upon the Options previously granted to him; (ii) the Plan clearly provides that nonqualified stock options may be exercised by a Plan participant only during a period not exceeding three (3) months after the participant's employment with Big Lots is terminated for any reason (other than the participant's death or disability), which includes retirement, and (iii) the Compensation Committee does not have the discretion under the Plan, which has been approved by Big Lots shareholders, to extend the exercise period of the Options.

March 23, 2007 letter from Charles W. Haubiel, II to Plaintiff Sehringer.

Thus, according to Defendant, the Plan allows the exercise of options only within three months after the participant's employment with Big Lots is terminated for any reason other than the participant's death or disability; Defendant takes the position that the three month time limitation applies when a participant retires.

Plaintiff takes the position that retirement is not covered by the three month window to exercise options. Plaintiff's Complaint alleges breach of contract and seeks declaratory judgment.

**Standard**

Summary judgment shall be granted for the moving party only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court looks to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," *id.*, in determining whether summary judgment is appropriate. The movant bears the exacting burden of demonstrating that

2

there is no dispute as to any material fact in the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ. Co.,* 9 F.3d 913, 918 (11th Cir. 1993); *Warrior Tomigbee Transp. Co. v. M/V/ Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324; *Howard v. BP Oil Company, Inc.,* 32 F.3d 520, 524 (11th Cir. 1994).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . to decide issues of material fact, but rather [it is to] determine whether such issues exist to be tried . . . " and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston,* 9 F.3d at 921; *Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir. 1987). All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Early v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990).

**Analysis**

Plaintiff characterizes the issue before the court as "whether Plaintiff Sehringer's voluntary retirement was the case of the employment of Plaintiff Sehringer 'shall be terminated for any reason.'" Plaintiff maintains that a reasonable person would not consider voluntary retirement to fall into this category.

Plaintiff Sehringer disagrees with the Committee's determination because, *inter alia,* the

3

word "retirement" is not found in the Plan and he was not terminated by Big Lots. Plaintiff Sehringer characterizes his retirement as a " voluntary withdrawal from his occupation and position with Big Lots within the plain meaning of the term retirement in common usage." Plaintiff Sehringer notes that neither he nor Big Lots took any action that his employment "shall be terminated."

Plaintiff Sehringer also notes that the same paragraph that uses the term "terminated" later uses the phrase "ceased to be an employee." The relevant paragraph, paragraph 12, reads:

> In case the *employment of any participant* to whom an Option or SAR shall have been granted *shall be terminated for any reason other than the participant's death or permanent and total disability* within the meaning of Section 422 of the Code, such Option or SAR may be exercised by the participant only during a period not exceeding three (3) months after the date of such termination (but no later than the end of the fixed tem of the Option or SAR) and only for the number of shares of Common Stock for which the Option or SAR could have been exercised at the time the employee *ceased to be an employee.*

1996 Performance Incentive Plan, Par. 112 (emphasis added).

Plaintiff argues that there is no reason to use the word "terminate" with respect to retirement situations when the Plan could have used the words "ceased to be an employee" in its place had it meant to include retirement with respect to "terminated" employees. Plaintiff argues that "a careful reading of [this portion of the plan] by an attorney specializing in drafting stock

4

option plans might be that use of the phrase 'employment of any participant . . . terminated for any reason' in conjunction with the phrase 'at the time the employee ceased to be an employee,' within the same sentence of not less than one hundred words, should be construed to give each phrase its own [distinct] meaning." As Defendant contends, Plaintiff Sehringer "ultimately hangs his hat" on the argument that the 1996 Plan does not restrict his exercise of the options because his retirement fell outside the category of "shall be terminated."

As a threshold issue, the Court recognizes that the Plan appointed a committee to resolve any ambiguities regarding the Plan's operation. Courts defer to committee interpretations unless the Court finds that the committee has acted in bad faith or the Plaintiff demonstrates fraud. *W.R. Berkley Corp. v. Hall*, 2005 WL 406348 at *4 (Del. Super. 2005) (internal citations omitted).

Plaintiff has not attempted to demonstrate either bad faith or fraud but cites *Scribner v. Worldcom, Inc.*, for the proposition that, while a committee charged with interpreting a stock option plan may have "broad discretion to *interpret* the contract, it [does] not have the authority to *redefine* its terms." A committee cannot change "the ordinary meaning of words after the fact and without notice." 249 F.3d 902, 911 (9th Cir. 2001).

Here, the Court finds that the committee did not redefine contract terms or the meaning of words; the Committee's interpretation that the plain language of the Plan does not exclude retirement is reasonable. It is true that the Plan could benefit from a revision: the words "shall be" included in the phrase "shall be terminated for any reason" is awkward. However, an awkward construction does not, without more, render a phrase ambiguous.

The Court agrees with Defendant that adding a retirement exception to the Plan's language is untenable. Plaintiff Sehringer has not demonstrated fraud or bad faith in the

5

Committee's interpretation that retirement is included in the phrase "shall be terminated for any reason." Accordingly, there is no genuine issue of material fact supporting any of Plaintiff's arguments and Defendant's Motion for Summary Judgment is due to be granted. Thus, it is

**ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (Dkt. 20) is **DENIED**;

2. Defendant's Motion for Summary Judgment (Dkt. 30) is **GRANTED**;

3. The clerk is directed to enter judgment in favor of Defendant and against Plaintiff and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2007.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record